**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
FEB 10 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| **GAYLE MILLER MCMULLIN** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 3:17CV95 HTW-LRA |
| **MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;** **MARSHALL FISHER,** in his official capacity as Commissioner of the **MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;** and **CHRIS GILLARD,** individually and in his official capacity as Colonel for the **MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY** | **DEFENDANTS** |

**COMPLAINT**

THIS IS AN ACTION for racial discrimination in employment in violation of Title VII of the Civil Rights Act of 1965 (as amended) and 45 U.S.C. § 1983 wherein Plaintiff, Gayle Miller McMullin, seeks to enforce the settlement of her initial civil action filed under Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e, styled *Gayle Miller McMullin V. Mississippi Department of Public Safety and Albert Santa Cruz, in his official capacity as Commissioner of the Mississippi Department of Public Safety*, In the United States District Court for the Southern District of Mississippi, Northern Division, Civil Action No. 3:13cv68-CWR-FKB, retaliation resulting from her petition for redress of grievances on those issues, and her right not to be prospectively retaliated against in violation of the First Amendment to the United States Constitution.

## JURISDICTION

**1.**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 2201, and 2202, 42 U.S.C. § 2000e, 28 U.S.C. § 1367, and 42 U.S.C. § 1983, which provide generally that all personnel actions affecting employees shall be free from any discrimination, retaliation, and a hostile work environment based upon race. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(3),(4) which provides jurisdiction for claims filed pursuant to 42 U.S.C. § 1983, which statute also prohibits retaliation in violation of the First Amendment to the United States Constitution for Plaintiff's pursuing her right of free speech, free association, and her right to petition for redress of grievances in the United States District Court.

## VENUE

**2.**

Pursuant to 42 U.S.C. § 2000e-5(f)(3) venue is proper in this District and Division inasmuch as the employment records generated from the challenged practice at issue are maintained and administered in the office of the Defendant, Mississippi Department of Public Safety, located in Jackson, Hinds County, Mississippi, and the Mississippi Highway Safety Patrol maintains its principal office in Hinds County, Mississippi. Venue also is proper under 28 U.S.C. § 1391(b) inasmuch as Defendants reside in this same judicial district.

## **PARTIES**

**3.**

Plaintiff, Gayle Miller McMullin, Caucasian female, is an adult resident citizen of the United States who resides in Madison County, Mississippi. At all times material Plaintiff has

been and is an employee of the Defendant, as defined by Title VII of the Civil Rights Act and its implementing regulations, and 42 U.S.C. § 1983.

**4.**

The Defendant, Mississippi Department of Public Safety, is a state agency of the State of Mississippi which operates the Mississippi Highway Safety Patrol. The Defendant is an employer as defined by Title VII of the Civil Rights Act and its implementing regulations and 42 U.S.C. § 1983.

**5.**

Defendant Marshall Fisher, as the Commissioner for the Mississippi Department of Public Safety, is responsible for the overall operation of the Department of Public Safety. Defendant Marshall Fisher is sued in his official capacity.

**6.**

Defendant Chris Gillard is a Colonel with the Defendant Mississippi Department of Public Safety and is sued both individually and in his official capacity.

**EXHAUSTION**

**7.**

Plaintiff has fully exhausted all administrative remedies pursuant to Title VII of the Civil Rights Act of 1964 (as amended), as pertinent herein.

**STATE ACTION**

**8.**

At all times material, all Defendants have been and continue to be acting under color of law, custom and usage of the State of Mississippi.

## COUNT I.

### FACTS

**9.**

Plaintiff incorporates by reference and realleges Paragraphs 1 through 8 above, as if set forth herein.

**10.**

There has been a pattern and practice of discrimination and retaliation against Gayle McMullin in violation of Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e, and the First Amendment to the United States Constitution as a direct and proximate result of her having filed her Complaint in the United States District Court and obtained a settlement and promotion to Captain, Training Director.

**11.**

Marshall Pack's sister, who had worked for Mr. Pack while he was prior Training Director (in the prior subject suit), was retained by Defendants as administrative assistant and remained, over Gayle McMullin's objection, as secretary and administrative assistant for Gayle McMullin, causing much disruption. On or about September 1, 2016, the sister finally transferred to the Department of Human Resources. After said transfer, the Defendants have refused to place anybody in the secretarial position to do the administrative paperwork necessary for Plaintiff efficiently to conduct her job as Training Director. Pursuant to initial directions from Lieutenant Colonel Randy Ginn and Colonel Chris Gillard based on Plaintiff's request, Ms. Dianne Berry, an Operations Manager 6 for the Department of Public Safety Planning, applied for the job as Administrative Assistant 6 as Plaintiff's Administrative Assistant. Angela Spann

had been an Administrative Assistant 6. Defendant Colonel Chris Gillard then refused to transfer Ms. Berry to the position in Training as an Administrative Assistant 6. As a direct and proximate result of not having an Administrative Assistant, Plaintiff has had to work excessive, long hours preparing and disseminating the paperwork necessary to carry on training for the Defendant. For example, Plaintiff worked until 2:00 AM on Wednesday night and Thursday morning, September 28 and September 29, 2016 to complete and disseminate paperwork necessary for upcoming training. The previous Training Officer was able provided with necessary staffing, at all times, to efficiently, effectively, and successfully perform her job functions, with the assistance of other necessary, able, and cooperative personn3el, and without routinely performing work outside of regular business hours.

### 12.

Despite continuous requests by the Plaintiff, the Defendants have refused either to transfer Ms. Berry or to fill the Administrative Assistant position. By doing this, Defendants are continuing to discriminate against Plaintiff, and to retaliate against her, in violation of the law.

### 13.

All previous Training Directors, unlike Plaintiff, have been able to choose the members of their Training Staffs. Plaintiff's Training Staff remains those troopers who were trainers when Marshall Pack was Training Director. The promotion of Marshall Pack to Training Director was the subject of Plaintiff's prior lawsuit.

### 14.

Plaintiff has had orders denied for her designated troopers to attend the following training: "ALERRT" classes. and an active shooter course in Georgia, and other classes. Such

types of training were routinely authorized when requested by the former Training Officer. By doing this, Defendants are continuing to discriminate against Plaintiff, and to retaliate against her, in violation of the law.

**15.**

The Mississippi Highway Patrol jeopardized its radar certification and the ability for radar interpretations to be admissible in court when the instructor/trainer in Georgia refused to certify Mississippi troopers as instructors of other troopers and law enforcement officers. The Mississippi Highway Patrol refused to allow Trooper Jason Ball to attend radar instructor certification training. Plaintiff finally was able to convince the radar certification instructor to credit prior training and give certain Mississippi State Troopers operator recertification. There are a limited number of troopers in Mississippi who are certified to train other troopers to become radar instructors. Such types of training were routinely authorized when requested by the former Training Officer. By doing this, Defendants are continuing to discriminate against Plaintiff, and to retaliate against her, in violation of the law.

**16.**

There was unnecessary delay in the Mississippi Highway Patrol's repairing and replacing Plaintiff's computer and copy machine. Plaintiff finally received a computer and, about four months ago, a copy machine. The repair and replacement of such equipment was routinely performed for the other troopers. By failing to provide the proper equipment to Plaintiff, so that she can perform her job functions with the same efficiency and effectiveness as her predecessor, Defendants are continuing to discriminate against Plaintiff, and to retaliate against her, in violation of the law.

**17.**

Plaintiff was only assigned an unmarked Mississippi Highway Patrol unit recently. By failing to provide the proper equipment to Plaintiff, so that she can perform her job functions with the same efficiency and effectiveness as her predecessor, Defendants are continuing to discriminate against Plaintiff, and to retaliate against her, in violation of the law.

**18.**

Plaintiff was ordered, and then the order was withdrawn, to account for every minute of her work during the day. The order was withdrawn only after Plaintiff's counsel became involved.

**19.**

As such, all three Defendants are retaliating against the Plaintiff and subjecting her to a hostile work environment, affecting the terms and conditions of her employment, in an effort to force her to resign.

**COUNT II.**

**20.**

Plaintiff incorporates by reference and realleges Paragraphs 1 through 19 above, as if set forth herein.

**21.**

On October 19, 2015, this Court entered its Order Dismissing Action by Reason of Settlement, without prejudice, in *Gayle Miller McMullin V. Mississippi Department of Public Safety and Albert Santa Cruz, in his official capacity as Commissioner of the Mississippi Department of Public Safety*, In the United States District Court for the Southern District of

Mississippi, Northern Division, Civil Action No. 3:13cv68-CWR-FKB. The last sentence of that Order held that the Court retained jurisdiction of this matter to enforce the Settlement Agreement and Release.

**22.**

In the second full paragraph on Page 3 of the Settlement Agreement and Release executed by the parties as part of the settlement, the Agreement held that once promoted to Training Director, Plaintiff Gayle Miller McMullin would have the same authority as all previous Training Directors. Pursuant to the Settlement Agreement and Release, Gayle McMullin has been promoted to Training Director.

**23.**

Previous Training Directors have been allowed to select staff to work under the direction of the Training Director. The Highway Patrol is a para-military organization. It is essential to discipline and effectiveness of the Training Division that its Director be in control of the staff.

**24.**

For example, the Defendant allowed previous Training Director, Lori Smith, to choose her own training staff. Lori Smith was selected as Training Director in place of Marshall Pack. Lori Smith kept Philip Coffee, Wayne Smith, and Anthony Granderson, training staff members previously being supervised by Marshall Pack as Training Director. Pursuant to the authority given her, Lori Smith had Trea Staples transferred from Enforcement in Troop H (located in Meridian, Mississippi) to the training staff.

**25.**

Also, previous Training Directors, Tony Thornton, L. M. Claiborn, and Lee Shelbourn all chose their own training staffs, with Plaintiff being one of the above choices.

**26.**

Lori Smith also was given the authority to choose her own TAC, or Tactical Advisor and Counsel, Officers to work with her in training with the training staff.

**27.**

Additional TAC Officers to be appointed by Plaintiff will be used in training when there is a Patrol School as well as during In-Service Training.

**28.**

Plaintiff has met with prior Colonel Donnell Berry, who was the Chief of the Highway Patrol in charge of personnel, Lieutenant Colonel Randy Ginn, and Colonel Chris Gillard who currently is the Chief of the Highway Patrol in charge of personnel. Plaintiff requested that the Current Training Officers, Anthony Granderson, Philip Coffee, and Wayne Smith, all who have recently been promoted to Master Sergeant, and Trea Staples, who was promised the rank of Lieutenant upon being eligible October 1, 2015, be replaced by Billy Ray Atkinson, who was recently promoted to Lieutenant in Troop I, currently a Master Sergeant and eligible for Lieutenant, who will be promoted to Lieutenant; Derrick Bo Lewis, currently with the FBI Task Force who will become a Master Sergeant Training Officer; Shane Boyd, who will become a Master Sergeant Training Officer; and Jason Ball, who will become a Master Sergeant Training Officer.

**29.**

Despite the specific language in the Settlement Agreement and Release giving Plaintiff the authority of previous Training Directors to choose their own training staff, Colonel Berry, Colonel Gillard, and Lieutenant Colonel Ginn refused to transfer any of Plaintiff Gayle Miller McMullin's initial and later choices to the position of Training Officers.

**30.**

On October 14, 2015, Plaintiff caused her counsel to send to counsel for the Defendant, Hon. Peter Watkins Cleveland, a letter asking that the Defendant immediately effect the necessary transfers of the people and positions identified in that letter to Training Officers.

**31.**

On October 20, 2015, by letter, attorney Peter Cleveland, representing the Defendants, denied Plaintiff's request that she be able to choose her own Training Officers. The letter from Mr. Cleveland did not address Plaintiff's claim that previous Training Officers had been allowed to choose their own training staff. The letter is a negative pregnant in that it states only that one previous Training Director, Lieutenant Colonel Chris Gillard, did not name a staff and did not promote training staff members. Mr. Cleveland's letter does not indicate whether Lieutenant Colonel Chris Gillard had at any point requested that the then current Training Officers under his command be replaced by other Training Officers.

**32.**

In further contravention of the Settlement Agreement's holding that Plaintiff would have the same authority as all previous training directors, Defendant Colonel Chris Gillard overrode

Plaintiff's authority as Training Director and without required orders and without consulting with Plaintiff, placed four troopers not chosen by Plaintiff in a Defensive Tactics Instructors School.

## COUNT III.

**33.**

Plaintiff incorporates by reference and realleges Paragraphs 1 through 32 above, as if set forth herein.

**34.**

Page 3 of the Settlement Agreement states that the parties "... agreed and understood that there shall be no discrimination or retaliation of any kind against me [McMullin] as a result of filing the aforesaid Complaint."

**35.**

In further contravention of the Settlement Agreement's holding that Plaintiff would not suffer discrimination or retaliation , Defendant Colonel Chris Gillard overrode Plaintiff's authority as Training Director and without required orders and without consulting with Plaintiff, placed four troopers not chosen by Plaintiff in a Defensive Tactics Instructors School.

**36.**

Defendants' actions of retaliation and creating a hostile work environment as alleged in Count II, Paragraphs 10-30, also violate the Settlement Agreement's prohibition of discrimination and retaliation.

## COUNT IV.

**37.**

Plaintiff incorporates by reference and realleges Paragraphs 1 through 36 above, as if set forth herein.

**38.**

Plaintiff has been and remains the elected President of the Mississippi State Troopers Association. As such, she has worked with the Mississippi Legislature on bills of interest to the Association.

**39.**

On February 6, 2017, Lieutenant Colonel Ginn told Plaintiff that in a staff meeting a decision was made that Plaintiff could not physically go to the Capitol where the Legislature is in session and work for the Troopers Association unless her visit was approved through the Chain of Command, being Lieutenant Colonel Randy Ginn, Colonel Chris Gillard, and Commissioner Marshall Fisher, and if the visit was approved Plaintiff would have to be granted days off, wear civilian clothes, and travel in her personal vehicle, all under the threat of further penalties.

**40.**

During the first 2-1/2 years of tenure as President of the State Troopers Association, Plaintiff visited the Capitol using her Mississippi State Trooper vehicle, in uniform, and on official time.

**41.**

At least all three prior Presidents of the Mississippi State Troopers Association also visited the Capitol on official time, in uniform, using their Mississippi Highway Patrol vehicle.

**42.**

Plaintiff has been retaliated against for asserting her First Amendment Rights to Redress of Grievances, enforced by and through 42 U.S.C. § 1983.

**43.**

By said actions, Defendants also have violated the guarantees of free speech and free association of the First Amendment to the United States Constitution by and through 42 U.S.C. § 1983.

**IRREPARABLE HARM**

**44.**

As to Counts I to IV, Plaintiff faces irreparable harm for which there is no adequate remedy at law.

**45.**

The actions of Defendants were done willfully, maliciously, and in reckless disregard of Plaintiff's rights, justifying an award of punitive damages.

**46.**

Plaintiff has suffered lost pay, loss of fringe benefits, loss of pension benefits, with the pension benefits being based upon the highest of four years of salary. Plaintiff also has suffered, from the Defendants' intended chilling effect over her exercise of Constitutionally protected freedoms, stigma and loss of reputation, has undergone severe mental anguish and emotional distress, and is entitled to damages therefor.

**CAUSES OF ACTION**

**47.**

The actions of the Defendants, Mississippi Department of Public Safety, Marshall Fisher, in His Official Capacity as Commissioner of The Mississippi Department of Public Safety; and Chris Gillard, individually and in his official capacity as Colonel for the Mississippi Department

of Public Safety, constitute discrimination in violation of Title VII of the Civil Rights Act of 2064, as amended, 42 U.S.C. § 2000e, *et seq.*

**48.**

The actions of the Defendant, Commissioner Marshall Fisher, in his official capacity, and Defendant, Colonel Chris Gillard, in his individual and official capacity, constitute discrimination in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution by and through 42 U.S.C. § 1983.

**49.**

The actions of the Defendant, Commissioner Marshall Fisher, in his official capacity, and Defendant, Colonel Chris Gillard, in his individual and official capacity, constitute violations of the free speech clause of the First Amendment to the United States Constitution by and through 42 U.S.C. § 1983.

**50.**

The actions of the Defendant, Commissioner Marshall Fisher, in his official capacity, and Defendant, Colonel Chris Gillard, in his individual and official capacity, constitute violations of the right to free association as guaranteed by the First Amendment to the United States Constitution by and through 42 U.S.C. § 1983.

**51.**

The actions of the Defendant, Commissioner Marshall Fisher, in his official capacity, and Defendant, Colonel Chris Gillard, in his individual and official capacity, constitute violations of the right to petition for redress of grievances as guaranteed by the First Amendment to the United States Constitution by and through 42 U.S.C. § 1983.

**52.**

The actions of the Defendant Mississippi Department of Public Safety violate its Settlement Agreement with Plaintiff.

**53.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Gayle Miller McMullin, prays for the following relief:

1. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. 1981A, a judgment of and from the Defendant, Mississippi Department of Public Safety, in an amount set by the jury for mental anguish, loss of reputation, emotional distress, and punitive damages, all proximately caused by the violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

2. A judgment of and from the Defendant, Chris Gillard, in his individual capacity, in an amount set by the jury for mental anguish, loss of reputation, emotional distress, and punitive damages, all proximately caused by the violation of the First Amendment to the United States Constitution, by and through 42 U.S.C. § 1983.

3. A declaratory judgment that the actions of racial discrimination of the Defendant, Mississippi Department of Public Safety, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Defendants, Marshall Fisher, in his official capacity, and Chris Gillard, in his individual and official capacity, violated the First Amendment to the United States Constitution and the equal protection clause as guaranteed by the Fourteenth Amendment to the United States Constitution by and through 42 U.S.C. § 1983.

4. That the Settlement Agreement and Release be enforced and that, *inter alia,* the Plaintiff be allowed to appoint her own Training Officers and TAC Officers; that the Defendant be enjoined to transfer out the designated Training Officers and TAC Officers and replace those individuals with officers designated to serve under the supervision and control of Captain Gayle McMullin; that Dianne Berry be transferred to the position of Administrative Assistant 6 to work as Plaintiff's secretary in Training; that the Defendants be ordered to grant Plaintiff's reasonable request for basic training support; and that the Defendants generally be ordered to cease retaliating against Plaintiff.

5. That Defendants, Mississippi Department of Public Safety, Chris Gillard, in his individual and official capacity, and Marshall Fisher, in his official capacity, be enjoined from requiring Plaintiff to receive their permission to visit the State Capitol and that she be required to visit the Capitol on her own time, in civilian clothes, with transportation provided in her own personal vehicle.

6. The cost of this cause including a reasonable attorneys' fee.

7. General relief.

Respectfully submitted, this the 10th day of February, 2017.

_____
Dennis L. Horn, Attorney for Plaintiff,
Gayle Miller McMullin

Dennis L. Horn (MSB #2645)
Shirley Payne (MSB #4071)
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130-2754
Phone: (601) 853-6090
Fax: (601) 853-2878
hornpayne@gmail.com