# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**GAYLE MILLER MCMULLIN**　　　　　　　　　　　　　　　　**PLAINTIFF**

vs.　　　　　　　　　　　　　　　**CIVIL ACTION No.: 3:17-CV-95-HTW-LRA**

**MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY;
MARSHALL FISHER, in his official
Capacity as Commissioner of the
MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY; and
CHRIS GILLARD, in his official
Capacity as Colonel for the
MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY**　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

BEFORE THIS COURT are two motions **[Docket nos. 94 and 96]** filed by Plaintiff Gayle Miller McMullin (hereinafter referred to as "Plaintiff"). Plaintiff submitted her *Motion to Enforce Settlement Agreement by Way of Partial Summary Judgment and Citation of Contempt* [Docket no. 94] and supporting memorandum brief [Docket no. 95] on November 19, 2018. Plaintiff filed an identical motion and supporting memorandum of law [Docket nos. 96-97] on the same day. Plaintiff's two motions and supporting briefs are undistinguishable in every respect[1].

Defendants, Mississippi Department of Public Safety ("MDPS"), Commissioner Marshall Fisher in his official capacity and Colonel Chris Gillard in his official capacity (hereinafter collectively referred to as "Defendants") filed their response in opposition and memorandum brief of law [Docket nos. 102-103] on December 3, 2018. Plaintiff filed a rebuttal in support of her motion on December 17, 2018. [Docket no. 106].

---

[1] This Court reconciles Plaintiff's identical motions and addresses them herein as one Motion to Enforce Settlement by Way of Partial Summary Judgment and Citation of Contempt.

1

Plaintiff's Motion asserts that the Defendants breached a 2015 Settlement Agreement [Docket no. 94-1], which provided, among other things, that Plaintiff would be promoted to the rank of Captain and given the position of Training Director of the Mississippi Department of Public Safety[2]. Plaintiff asks this Court for the following relief: (a) an Order mandating that she be placed back into her Training Director position; (b) an Order granting her partial Summary Judgment as to liability for violation of the Settlement; (c) an Order adjudicating the Defendants in civil contempt for willful violation of said Order; and (d) a trial on damages for the willful violation of this Court's Order and Settlement Agreement in Civil Action No. 3:13-cv-68-CWR-FKB. [Docket no. 94, ¶ 7]. Defendants claim they have fulfilled their obligations under the Settlement Agreement and are not in breach or contempt. For the reasons stated herein, this Court agrees with the Defendants and DENIES Plaintiff's Motion for Contempt and Partial Summary Judgment.

## I. BACKGROUND

*a. Prior Lawsuit*

Plaintiff is employed by MDPS and carries the rank of Captain. Prior to becoming Captain, Plaintiff filed a lawsuit (hereinafter referred to as "initial lawsuit") against MDPS, alleging racial discrimination in employment in violation of Title VII of the Civil Rights Act of 1964 (as amended)[3] and Title 42 U.S.C. § 1983[4]. In her initial lawsuit, Plaintiff alleged that she had been denied a transfer and promotion as Training Director for MDPS because of her race, Caucasian.

---

[2] The Settlement Agreement and Release were issued as a result of *Gayle Miller McMullin vs. Mississippi Department of Public Safety and Albert Santa Cruz, in his official capacity as Commissioner of the Mississippi Department of Public Safety,* Civil Action No. 3:13-cv-68-CWR-FKB.

[3] Title 42 U.S.C. § 2000e-2(a) provides: "[i]t shall be an unlawful employment practice for an employer -(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, or conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; ... ."

[4] Title 42 U.S.C. § 1983 provides that every 'person' who, under color of law, deprives persons of federal rights is liable for such deprivation.

In the initial lawsuit, The Honorable Judge Carlton Reeves granted summary judgement in favor of the Defendants, MDPS and then Commissioner Albert Santa Cruz, finding that Plaintiff, had failed to establish a prima facie case of race-based discrimination[5]. Judge Reeves entered a final judgment dismissing the case with prejudice on May 6, 2014.[6] The Court of Appeals for the Fifth Circuit; however, found that the district court had erred in granting summary judgment and, consequently, vacated the district court's judgement and remanded the case for trial on April 28, 2015.[7]

   b. *Settlement and Terms*

Plaintiff, thereafter, entered into a Settlement and Release Agreement (hereinafter referred to as the "Settlement Agreement") with MDPS on September 18, 2015. [Docket no. 94-1]. As part of the Settlement Agreement, MDPS agreed to: (1) promote Plaintiff, then carrying the rank of Lieutenant to Captain; and (2) to appoint Plaintiff as Director of Training for the Mississippi Highway Patrol. The Settlement Agreement did not indicate that Plaintiff was to remain in the position of Director of Training for any prescribed length of time. In exchange for her promotion and other covenants, Plaintiff agreed to dismiss her initial lawsuit and to release Defendants MDPS and Albert Santa Cruz, in his official capacity, from all claims filed against them in her initial lawsuit.

   c. *Plaintiff's promotion to Captain and appointment to position of Training Director*

MDPS promoted Plaintiff to the rank of Captain and appointed her as the Director of Training on September 21, 2015[8]. The Training Director is tasked with providing oversight for the

---

[5] *See* Civil Case No. 3:13-cv-68-CWR-FKB, Docket no. 53.

[6] *See* Civil Case No. 3:13-cv-68-CWR-FKB, Docket no. 55.

[7] *See* Civil Case No. 3:13-cv-68-CWR-FKB, Docket no. 58.

[8] *See* Special Order 2015-213, Docket no. 92-2.

3

continued in-service training of Mississippi State Troopers, to maintain their certification, as well as directing Trooper Schools for newly hired Troopers. [*See* Docket no. 103, pp. 1-3].

To date, MDPS has taken no action to remove Plaintiff from the Training Director's position; Plaintiff retains the same rank, PIN number, and duties bestowed upon her on September 21, 2015.

   d. *Plaintiff's leave of absence due to medical incapacity*

Plaintiff actively occupied the position of Training Director from September 21, 2015, until February 2018[9]. In February 2018, after serving nearly two and a half years as Training Director, Plaintiff left on medical leave, claiming injuries and other medical complications. To date, Plaintiff has been on medical leave for more than one year. Nor has she provided any date for her expected return. Plaintiff is unable to fulfill her duties as Training Director during her absence.

Meanwhile, a new class of Troopers, Class 63, began Trooper School on December 2, 2018. Trooper Class 63, like every new trooper class before it, required a Director of Training to oversee it operation. MDPS was required to appoint a Training Director for the training division to have the necessary leadership to continue with its mandate of training incoming troopers [10].

   e. *Defendants' appointment of John W. Perkins as Director to fill the necessary gap*

On August 3, 2018, Defendants appointed Captain John W. Perkins (hereinafter referred to as "Captain Perkins") as Training Director[11]. Captain Perkins assumed the job duties left vacant by Plaintiff's medical absence, including oversight and training for the incoming cadets of Trooper Class 63.

---

[9] *See* September 13, 2018 deposition of McMullin, Gayle M., p. 22, Docket no. 92-3.

[10] House Bill 1617, passed by the Mississippi Legislature and approved by Mississippi's Governor, allocated funds to hold a Trooper School for the 2018 fiscal year.

[11] *See* Special Order 2018-215, Docket no. 96-2.

## II. RULING

Plaintiff is still listed as the Director of Training for the Mississippi Highway Patrol. She has suffered no rank demotion, nor pay reduction. Plaintiff simply has been unable to fulfill her duties. Someone must take the helm.

Plaintiff has presented no evidence that the Defendants' action is an effort to "run her off".

Further, relative to Defendants' obligation under the Settlement Agreement, the defense of impossibility arises. A party relying on the defense of impossibility of performance must establish (1) the unexpected occurrence of an intervening act, (2) that occurrence was of such a character that its non-occurrence was a basic assumption of the agreement of the parties, and (3) that occurrence made performance impracticable. Restatement (Second) of Contracts § 261. Impossibility of performance of a contract is determined by whether an unanticipated circumstance has made performance of the promise vitally different from what should reasonably have been within the contemplation of both parties when they entered into the contract. *In re Dissolution of Marriage of Wood*, 35 So. 3d 507 (Miss. 2010). In the case at bar, MPDS and Plaintiff both reasonably contemplated that Plaintiff would be physically present and able to perform her duties as Training Director. It is impractical for Plaintiff to assert that no one should be allowed to shoulder Plaintiff's unfulfilled duties during her extended leave of absence.

In addition, the issue of ripeness also applies here. A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (citing *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580–581 (1985)). Plaintiff presents an issue that is not yet fit for this Court's consideration. Defendants have taken no final action against Plaintiff and when Plaintiff returns to work, if she does, Defendants will have to make a decision and Plaintiff

will know whether she has a cause of action. Before this Court can address Plaintiff's motion to enforce the settlement agreement, the underlying facts must be allowed to develop. This Court cannot reinstate Plaintiff as Director of Training, as requested by Plaintiff's motion, simply because Plaintiff has not been removed from her current role of Training Director. This Court is therefore persuaded to **DENY** Plaintiff's *Motion to Enforce Settlement Agreement by Way of Partial Summary Judgment and Citation of Contempt* **[Docket nos. 94 and 96]**.

**SO ORDERED this the 28th day of Septemeber, 2019.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**