IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GAYLE MILLER MCMULLIN**                                                              **PLAINTIFF**

**vs.**                                              **CIVIL ACTION No.: 3:17-CV-95-HTW-LRA**

**MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY;
MARSHALL FISHER, in his official
Capacity as Commissioner of the
MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY; and
CHRIS GILLARD, in his official
Capacity as Colonel for the
MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY**                                                              **DEFENDANTS**

## ORDER

BEFORE THIS COURT is the Motion to Dismiss **[Docket no. 66]** filed by Defendants,

Mississippi Department of Public Safety ("MDPS"), Commissioner Marshall Fisher in his official

capacity, and Colonel Chris Gillard in his official capacity (hereinafter collectively referred to as

"Defendants"). Plaintiff Gayle Miller McMullin (hereinafter "Plaintiff") opposes Defendants'

motion. [Docket no. 74]. The Defendants have filed a rebuttal brief [Docket no. 79], and the matter

is ready for review. By their motion, Defendants campaign for dismissal of Plaintiff's claims

under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. For the reasons stated herein, Defendants' Motion

to Dismiss [Docket no. 66] is GRANTED IN PART and DENIED IN PART.

## I.        PROCEDURAL FACTS AND BACKGROUND

Plaintiff's First Supplemental Complaint [Docket no. 36] alleges: racial discrimination in

employment in violation of Title VII of the Civil Rights Act of 1964 (as amended)[1];

---

[1] Title 42 U.S.C. § 2000e-2(a) provides: "[i]t shall be an unlawful employment practice for an employer -(1) to fail
or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to

First Amendment violations pursuant to Title 42 U.S.C. § 1983[2] ; and conspiracy pursuant to Title 24 U.S.C. § 1985(2)[3].  This Court has subject matter jurisdiction under Title 28 U.S.C. § 1331[4], because Plaintiff urges her claims under federal law[5].

Plaintiff's Complaint seeks to enforce the settlement terms of a prior lawsuit[6], wherein Plaintiff sued MDPS and the Commissioner of MDPS on the grounds of racial discrimination.  As part of the Settlement Agreement (hereinafter "The Settlement") in the prior lawsuit, MDPS agreed to promote Plaintiff, then carrying the rank of Lieutenant, to Captain and Director of Training for the Mississippi Highway Patrol.  In exchange for her promotion and other covenants, Plaintiff agreed to dismiss her initial lawsuit and release Defendants MDPS and Albert Santa Cruz, in his official capacity, from all claims filed against them in her initial lawsuit.   Plaintiff now alleges that the Defendants have failed to comply with the terms of The Settlement.  Plaintiff further alleges that Defendants continue to discriminate and retaliate against her for filing the initial lawsuit and obtaining The Settlement and promotion.

---

his compensation, terms, or conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; ... ."

[2] Section 1983 provides, in pertinent part, "[e]very *person* who, under color of [state law], subjects . . . any citizen . . thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

[3] Section 1985(2) states in relevant part that an injured or deprived party may have a cause of action " [i]f two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully…"

[4] Title 28 U.S.C. provides: "The district court shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[5] In her response to Defendants' Motion to Dismiss, Plaintiff concedes that she is only seeking Title VII damages from MDPS, and that no damages are sought against the individual defendants, Marshall Fisher or Chris Gilliard in their official capacities [See Docket no. 74].

[6] The Court in *Gayle Miller McMullin vs. Mississippi Department of Public Safety and Albert Santa Cruz, in his official capacity as Commissioner of the Mississippi Department of Public Safety,* Civil Action No. 3:13-cv-68-CWR-FKB retained jurisdiction to enforce the Settlement Agreement and Release [See Docket no. 63].

Defendants timely filed their answer and affirmative defenses to Plaintiff's Complaint [Docket no. 37]. Defendants have filed this present motion for partial dismissal, asserting Eleventh Amendment immunity for claims pursuant to §1983 and §1985.

Defendants also urge this Court to dismiss Plaintiff's § 1985(2) claims for failure to allege a sufficient factual basis for her claim of conspiracy.

## II.      LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim is factually plausible if the complaint contains factual allegations that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This does not require a showing that the defendant is probably liable, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet this plausibility standard, the complaint must contain more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

## III.      DISCUSSION

### a.  Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution[7] prohibits suits against non-consenting states by their own citizens, by citizens of another state, by citizens of foreign states, or by a foreign nation. *Principality of Monaco v. Mississippi,* 292 U.S. 313, 329–331, 54 S.Ct. 745, 750–751, 78 L.Ed. 1282 (1934); *Hughes v. Savell,* 902 F.2d 376, 377 (5th Cir.1990).

---

[7] AMENDMENT XI—SUITS AGAINST STATES

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

This Court is under an initial obligation to review the allegations of Plaintiff's Complaint to determine if the Court's jurisdiction over the suit is barred by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121, 79 L.Ed.2d 67, 104 S. Ct. 900, 52 U.S.L.W. 4155 (1984). The Eleventh Amendment is an "explicit limitation" on the jurisdiction of the Court and serves as "a specific constitutional bar against hearing even federal claims that otherwise would be within the jurisdiction of the federal courts." *Pennhurst II,* 465 U.S. at 119-120, 104 S.Ct. at 906–918. Further, the Eleventh Amendment bar is not limited to suits seeking monetary relief, it may also bar suits seeking equitable relief. *Cory v. White,* 457 U.S. 85, 90–91, 102 S.Ct. 2325, 2328–2329, 72 L.Ed.2d 694 (1982).

The Eleventh Amendment applies both to states and their alter egos. *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir.1986). Whether an entity is covered by a state's Eleventh Amendment immunity turns on the entity's (1) status under state statutes and case law, (2) funding, (3) local autonomy, (4) concern with local or statewide problems, (5) ability to sue in its own name, and (6) right to hold and use property. *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir.1999). Funding is most important. *Id*., at 681-82. *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999).

In the instant case, MDPS was created by the State legislature, as an arm of the State of Mississippi. *See* Miss. Code Ann § 41-1-2 et seq. MPDS is funded by the State of Mississippi to the extent that it cannot cover its expenses without the property and resources granted to it by the State of Mississippi. "[B]ecause an important goal of the Eleventh Amendment is the protection of states' treasuries, the most significant factor in assessing an entity's status is whether a judgment against it will be paid with state funds." *McDonald v. Board of Miss. Levee Comm'rs,* 832 F.2d

901, 907 (5th Cir. 1987).  Any judgment sub judice against the MDPS would be paid by the State of Mississippi.

> b.  *Application of the Eleventh Amendment to Section 1983 Claims*

The grant of immunity under the Eleventh Amendment extends to claims against a State brought pursuant to 42 U.S.C.§ 1983. See *Aguilar v. Texas Dept. of Crim. J.,* 160 F.3d 1052, 1054 (5th Cir. 1998) (referencing *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F. 2d 866, 875 n. 9 (5th Cir. 1991).  Section 1983 creates a cause of action against a "***person***" who, under color of [law…] subjects […] any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws […](emphasis added)[8].The Supreme Court has ruled that a State is not a "person" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).  MDPS, as an arm of the State of Mississippi, is not a "person" under § 1983; accordingly, Plaintiff's Complaint fails to state a claim under § 1983 against MDPS, and these claims are dismissed.

The Eleventh Amendment also bars a suit against an individual state official if "the state is the real party in interest." *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974)(citations omitted).  The United States Supreme Court has held that official suits cannot be maintained against state officers acting in their official capacity on behalf of the state. *See Hafer v. Melo,* 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (state officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them)(citing *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).  A suit against a state official is

---

[8] See Footnote 2.

no different from a suit against the state itself. *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985); *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore, a state official is also immune from suit under § 1983.

        *c.   Exceptions to the Eleventh Amendment*

The Supreme Court has carved out three recognized exceptions to Eleventh Amendment sovereign immunity: (1) a state's waiver of immunity and consent to be suit. *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L.Ed. 438 (1997); (2) Congress's abrogation of state immunity via § 5 of the Fourteenth Amendment[9]. *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); and (3)  suits seeking specific equitable relief from state officials under the landmark decision of  *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

    In the case at bar, § 5 of the Fourteenth Amendment cannot possibly apply to this lawsuit; the State of Mississippi and MDPS have not waived their protection from suit; and § 1983 does not abrogate Eleventh Amendment immunity, as no provision of the statute authorizes private suits for damages against the States. *Will v. Michigan Dept. of State Police*, 491 U.S.at 58. Plaintiff, therefore, looks to the doctrine of *Ex Parte Young* to pierce the Defendants' Eleventh Amendment defense.

---

[9] U.S. Const. Amend. XIV, § 5 states: "The Congress shall have power to enforce, by appropriate legislation, the provisions of this article." This power of Congress under § 5 of the Fourteenth Amendment to enforce the provisions of the Amendment includes the power to abrogate state sovereign immunity by authorizing private suits for damages against the States for violations of the Amendment. *U.S. v. Georgia*, 546 U.S. 151 (2006).

The Court in *Ex Parte Young* established the principle that the Eleventh Amendment does not bar a suit in federal court when the suit is brought to enjoin a state officer's enforcement of an allegedly unconstitutional state law. *See American Bank & Trust Co. of Opelousas v. Dent,* 982 F.2d 917, 920–21 (5th Cir.1993).  The Court reasoned that enforcement of an unconstitutional law is not an official act because a state cannot confer authority on its officers to violate the Constitution or federal law. *Id*.  To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against: (a) individual persons; (b) in their official capacities as agents of the state, and; (3) where the relief sought is declaratory or injunctive in nature and prospective in effect. *See Saltz v. Tennessee Dep't of Employment Sec.,* 976 F.2d 966, 968 (5th Cir.1992).

Prepared for a ruling dismissing MDPS under the doctrine of sovereign immunity, Plaintiff shifts her focus to her § 1983 claims for injunctive relief against the individual state officials in their official capacities[10]. Under the reasoning of *Ex Parte Young*, argues Plaintiff, those individual defendants herein are properly sued in their individual capacities as agents of MDPS.  Although MDPS, she adds, as an instrumentality of the State of Mississippi may be immune from Plaintiff's suit, Plaintiff's § 1983 claims for prospective relief against the official capacity Defendants are not protected.

This Court agrees. The Fifth Circuit's ruling in *Saltz* explains that suits seeking to enjoin "wrongful and unauthorized acts are not suits against the state and a federal courts' injunction against such wrongful acts is not a judgment against the state itself." *Id* at 968.  Accordingly, this Court concludes that Plaintiff's § 1983 claims against Defendants Marshall Fisher and Colonel

---

[10] Plaintiff, in her opposition brief [Docket no. 74] concedes that she is not making any clams for monetary damages against the individual defendants pursuant to § 1983.

Gilliard seeking injunctive relief as a remedy for those defendants' alleged violation of her constitutional rights are not dismissed from this suit.

> d.   *Section 1985 Claims*

Plaintiff also asserts claims based upon a violation of Title 42 U.S.C. § 1985(2)[11].  Section 1985 creates a cause of action against "persons" who conspire.  As stated above, the definition of "person" does not include divisions of a state, which are protected from suits by the Eleventh Amendment; accordingly, all claims against MPDS under §1985 are dismissed.

The Fifth Circuit also has held that under the intracorporate conspiracy doctrine, employees of an entity are not considered to be "persons" separate from such entity for conspiracy purposes. *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994).  The Court went on to expound that just as employees of a corporation cannot conspire together, employees of the same agency cannot conspire together. *Id*.  When an individual acts for his own purposes rather than for a corporation or other entity, however, he becomes an independent actor who can conspire with a corporation or governmental agency. *Dussoy v. Gulf Coast Investment Corp*., 660 F.2d 594, 603 (5th Cir. 1981).

In the present case, Plaintiff's Complaint fails to allege any facts suggesting that any of the individual defendants were acting for their own personal purposes rather than in the course of their employment with MDPS; therefore, Plaintiff's claims against the individual defendants under §1985(2) are also hereby dismissed.

---

[11] See Footnote 3.

## IV.      CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss **[Docket no. 66]** is hereby GRANTED IN PART.

**IT IS ORDERED** that Plaintiff's §1983 and §1985 claims against Defendant Mississippi Department of Public Safety are hereby DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff's §1983 claims against Defendant Commissioner Marshall Fisher in his official capacity, and Defendant Colonel Chris Gillard in his official capacity are NOT DISMISSED.  Plaintiff may proceed against these defendants only in connection with Plaintiff's effort to obtain declaratory or injunctive relief.

**IT IS FINALLY ORDERED** that Plaintiff's §1985(2) claims against Defendant Commissioner Marshall Fisher in his official capacity, and Defendant Colonel Chris Gillard in his official capacity are DISMISSED WITH PREJUDICE.

**SO ORDERED this the 13th day of April, 2020.**


**/s/HENRY T. WINGATE                              **
**UNITED STATES DISTRICT COUT JUDGE**